# IN THE CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND

| | |
|---|---|
| CIMON LOVESS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. _____ |
| | ) |
| **LOANDEPOT.COM, LLC** | ) |
| Serve: Corporation Trust Incorporated | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Cimon Lovess, bring this complaint against the defendants INOVA Federal Credit Union ("INOVA"), CityWorth Mortgage LLC ("CityWorth"), Embrace Home Loans, Inc. ("Embrace"), Paramount Equity Mortgage ("Paramount"), CitiBank, N.A., Dynamic Recovery Solutions, LLC ("Dynamic"), One Main Financial ("OneMain"), Prosper Marketplace Inc ("Prosper"), Prosper / Webbank, LoanDepot.com LLC ("LoanDepot"), First USA Bancorp Inc. ("First USA"), Discover Financial Services and Discover Financial Bank ("Discover"), National Auto Inspection ("NAI"), R M K Financial Corp ("RMK"), NRRM, LLC, The Travelers Companies, Inc. ("Travelers"), ELAN Financial Services ("ELAN"), LendingClub Corporation ("LendingClub"), SecurityPlus Federal Credit Union ("SecurityPlus"), Santander Consumer USA ("Santander"), JPMorgan Chase Bank, N.A. ("JPMC"), Credit One Financial ("Credit One"), BayCountry Consumer Financial, Inc. ("BCFI"), TLG / Point Breeze Credit Union ("TLG"), Bank of America, N.A. ("BOA"), American Express International Corp. ("AMEX"), OTTNO Inc. ("OTTNO"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for a consumer seeking actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

## PARTIES

2. The Plaintiff is a natural person and resides in Baltimore County Maryland.

3. Embrace is a mortgage lender with offices throughout the US, including MD.

4. INOVA is a credit union that offers mortgage loans, auto loans, credit cards, bank accounts, business loans and other financial products and services.

5. CityWorth is a direct lender of mortgage loans.

6. Paramount provides mortgage purchase loans and refinance loans.

7. CitiBank is a national bank that provides an array of financial services and products, including mortgage loans, auto loans, credit cards and more.

8. Dynamic is in the accounts receivables industry and provides nationwide consumer and collection services to organizations in Banking, Student Loans, Health Care, Retail, Telecommunications, Utilities, Legal and Real Estate.

9. LoanDepot is a non-bank consumer lender that matches borrowers through technology and high-touch customer care with the credit opportunities.

10. First USA Bank operates as a bankcard company in the United States. The company provides Visa and MasterCard services. It offers ATM services, home equity loans, installment loans, insurance products, mutual funds, and commercial lending services to consumers and businesses.

11. NAI, doing business as CARCHEX, provides mobile pre-purchase car inspections and extended auto warranty quotes to customers online in the United States.

12. OneMain, fka Citigroup, is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products.

13. Prosper together with its subsidiaries, develops a peer-to-peer online credit marketplace in the United States.

14. WebBank is headquartered in Salt Lake City, Utah, and is an FDIC-insured, state-chartered industrial bank that provides customized consumer and commercial financing solutions on a nationwide basis. WebBank is a leading provider of closed-end and revolving private-label and bank card financing programs.

15. R M K Financial Corp., founded in 2008 and headquartered in Rancho Cucamonga, California, is a mortgage lending company specializing in adjustable rate, fixed rate, interest only, and jumbo loans. 10. Discover is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products. Most of the loans originated with R M K Financial Corp. were used for home improvement.

16. NRRM is an alternate business name for Carshield, which provides extended vehicle warranties.

17. Travelers is an American insurance company. It is the second largest writer of U.S. commercial property casualty insurance and the third largest writer of U.S. personal insurance through independent agents.

18. LendingClub is a US peer-to-peer lending company, headquartered in San Francisco, California. It is the world's largest online credit marketplace, facilitating personal loans, business loans, and financing for elective medical procedures.

19. Credit One is a bank holding company registered in Nevada. Credit One Bank, a U.S. based bank specializing in credit cards, is held by Credit One. Credit One Financial is a wholly owned subsidiary of Sherman Financial Group, LLC provides distributed solar energy to residential, commercial, and industrial customers in the United States. It has operations in 12 states, including Maryland.

20. ELAN provides credit card transaction management services.

21. SecurityPlus is one of the largest credit unions in the state of Maryland and provide financial services, including checking and savings accounts, loans, credit cards and mortgages.

22. Santander is a consumer finance company, provides vehicle finance and unsecured consumer lending products.

23. JPMC is a national bank that provides an array of financial services and products, including mortgage loans, auto loans, credit cards and more. JPMC issues credit cards under the name Chase Cards.

24. TLG is full service credit union offering low rate loans, high-yield saving options, free checking and other services.

25. BOA is a national bank that provides an array of financial services and products, including mortgage loans, auto loans, credit cards and more.

26. AMEX provides credit cards and charge cards and related services.

27. BayCountry offers flexible financial services, including consumer personal loans; automobile financing; and consolidation or tuition loans.

28. OTTNO is an auto refinance lender.

## FACTS

29. In 2016 the Plaintiff obtained her Trans Union and Experian credit reports.

30. On her Trans Union credit report were several credit inquiries by entities that Plaintiff had no credit account or business relationship. Nor did the Plaintiff recently apply for credit with these entities or authorize these entities to obtain her reports. Further, these entities did not offer Plaintiff credit or otherwise make a firm offer of credit.

31. The entities appearing that illegally procured Plaintiff's Trans Union credit report included First USA, Webbank, LendingClub, Travelers, NRRM, NAI, CitiBank, and Dynamic.

32. After finding the unauthorized credit inquiries on her report, Plaintiff initially contacted each entity by phone using the phone numbers listed on the credit report. Unfortunately contacting the entities by phone was absolutely useless as the wait time was so long and once Plaintiff spoke with someone, she was passed around and no one ever gave a straight answer. Plaintiff believes no one gave a straight answer because they didn't have a good answer being that they knew they obtained it for illegal purposes.

33. Next, Plaintiff decided to take on the expense and time-consuming endeavor of mailing all of these entities that pulled her credit report. In her letter, she requested each entity to provide the reason for pulling her credit report. Every entity that responded admitted that they had no reason for pulling her credit report.

34. Many did not respond to Plaintiff letter because they knew they did not have a valid reason to pull her report, they knew they didn't send her an offer of credit, and they knew the credit inquiries were illegal.

35. On her Experian credit report were several credit inquiries by entities that Plaintiff had no credit account or business relationship. Nor did the Plaintiff recently apply for credit with these entities or authorize these entities to obtain her reports. Further, these entities did not offer Plaintiff credit or otherwise make a firm offer of credit.

36. The entities appearing that illegally procured Plaintiff's Experian credit report included Embrace, INOVA, CityWorth, Paramount, OneMain, Prosper, Discover, One Main, LoanDepot, ELAN, SecurityPlus, Santander, JPMC, Credit One, BayCountry, TLG, BOA, AMEX, and OTTNO.

37. After finding the unauthorized credit inquiries on her report, Plaintiff initially contacted each entity by phone using the phone numbers listed on the credit report.

Unfortunately contacting the entities by phone was absolutely useless as the wait time were so long and once Plaintiff spoke with anyone, she was passed around and no one ever gave a straight answer. Plaintiff believes no one gave a straight answer because they didn't have a good answer being that they knew they obtained it for illegal purposes.

38. Next, Plaintiff decided to take on the expense and time-consuming endeavor of mailing all of these entities that pulled her credit report. In her letter, she requested each entity to provide the reason for pulling her credit report. Every entity that responded admitted that they had no reason for pulling her credit report.

39. Many did not respond to Plaintiff letter because they knew they did not have a valid reason to pull her report, they knew they didn't send her an offer of credit, and they knew the credit inquiries were illegal.

## COUNT ONE: VIOLATIONS OF FCRA
(15 U.S.C. §1681b(f))

40. Plaintiff incorporates paragraphs 1-39 by reference.

41. None of the defendants obtained the Plaintiff's reports for the purpose of an account review or to make a firm offer of credit or to process a credit application; instead they falsely represented that they were obtaining Plaintiff's report for a permissible purpose.

42. None of the defendants offered the Plaintiff preapproved credit or employment. None of the defendants were potential investors or assessing the risk of a current obligation of the Plaintiff. None of the defendants were current creditors or monitoring an account of the Plaintiff. None of the defendants were completing a mortgage loan application. None of the defendants were an insurer or underwriting insurance for auto or home coverage.

43. Upon information and belief, the defendants Experian and Transunion have received complaints from other consumers regarding the illegal credit inquiries and thereby, the

defendants know and intended to illegally obtain Plaintiff's credit reports. The defendants have received numerous disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint, with respect to the defendants' practice of obtaining consumers' credit reports without proper authority to do so.

44. The defendants know their purpose for obtaining consumers' reports are often for reasons and/or purposes not sanctioned or valid under the law. For instance, the defendants often will obtain the report for purposes, such as research and marketing, both of which are not allowed under the FCRA.

45. Defendants know that the FCRA requires that the defendants have a purpose designated under §1681b to acquire Plaintiff's credit reports. Upon information and belief, at the time that the defendants requested Plaintiff's credit report, the defendants knew, or should have known, that they were not obtaining Plaintiff's report for a permissible purpose.

46. Upon information and belief, the defendants obtained Plaintiff's credit reports for one or more of the following reasons: (1) marketing, (2) research, (3) investigation, (4) sale the information to a third party, (5) maliciously violate Plaintiff's privacy, or (6) some other impermissible purpose.

47. Defendants believe they do not need a legitimate purpose to acquire a consumers report when the credit inquiry is considered a soft pull because such an inquiry does not affect the consumers' credit score.

48. The defendants have engaged in a pattern and practice of wrongful and unlawful behavior with specific respect to its illegal procurement by systematically representing to a credit reporting agency that they have a certified reason for the inquiry while knowing that did not have certified reason and in fact were requesting the reports for reasons not allowed under the law.

49.     As a direct and proximate result of the Defendants violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to: mental anguish and emotional distress from the ongoing invasion of his privacy and the possibility of future unauthorized inquiries into his personal financial information and/or risk of additional instances of identity theft resulting from such inquiries, the frustration and expense of trying to determine the reason for the credit inquiries, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

50.     The Defendants violations were not only negligent but also willful within the meaning of 15 U.S.C. §1681n(a). As a result of the CRAs' willful noncompliance with the requirements of §1681q, Plaintiff is entitled to statutory and punitive damages under §1681n(a).

WHEREFORE, Plaintiff requests $100,000 in actual damages from all Defendants; $200,000 in punitive damages for violations of the FCRA; $30,000 or more in statutory damages; costs for litigating this action; and Plaintiff reserves his right to request legal fees in the event she retains an attorney.

TRIAL BY JURY IS DEMANDED.

Dated: May 26, 2017

                                    Respectfully submitted,

                                    CIMON LOVESS


                                    _____
                                    Cimon Lovess
                                    5546 Channing Rd
                                    Baltimore, MD 21229
                                    (443) 248-2609
                                    Pro Se Plaintiff